Robert J. Schwartz, Esq. (State Bar No. 254778)
Rya M. Nelson, Esq. (State Bar No. 350827)
GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
1999 Harrison Street, Suite 1600
Oakland, CA 94612-3528
Telephone: (510) 832-5411
Facsimile: (510) 832-1918
Email: rschwartz@giccb.com, rnelson@giccb.com

Attorneys for Plaintiff
DAVID SALDIVAR

GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
P.O. Box 2079, Oakland, CA 94604-2079

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID SALDIVAR,

Plaintiffs,

vs.

TESLA, INC., RICARDO DELEON, and DOES 1-10, inclusive,

Defendants.

Case No. 3:26-cv-05697-VC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: October 15, 2026
Time: 10:00 a.m.
Location: Phillip Burton Federal Building, Courtroom 3, 17th Floor
Judge: Vince Chhabria

Complaint Filed: April 28, 2026
Action Removed: June 12, 2026

## NOTICE OF MOTION AND MOTION TO REMAND

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 15, 2026, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 3, 17th Floor of the above-entitled court, located at the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, plaintiff David Saldivar ("Plaintiff") will, and hereby does, move the Court for an order remanding this action to the Superior Court of the State of California, County of Alameda, from which it was removed, on the ground that this Court lacks subject matter jurisdiction because complete diversity of citizenship is absent. Plaintiff further requests an award of the attorney fees and costs incurred as a result of the removal under 28 U.S.C. section 1447(c).

This motion is further based upon this notice; the attached Memorandum of Points and Authorities; the Notice of Removal; upon the records and files in this action; and upon such further evidence and argument as may be presented prior to or at the time of hearing on the motion.

DATE: September 3, 2026

GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

/s/ Robert J. Schwartz
Robert J. Schwartz
Attorneys for Plaintiff
DAVID SALDIVAR

# TABLE OF CONTENTS


I. INTRODUCTION .......... 6

II. STATEMENT OF FACTS .......... 6

A. PLAINTIFF FILED A WRONGFUL TERMINATION ACTION AGAINST TESLA AND HIS SUPERVISOR. .......... 6

B. IN REMOVING THE CASE, TESLA FALSELY CLAIMED THAT COMPLETE DIVERSITY EXISTS. .......... 8

III. LEGAL STANDARD .......... 8

IV. ARGUMENT .......... 9

A. TESLA'S REMOVAL WAS IMPROPER BECAUSE DEFENDANT DELEON IS A CALIFORNIA RESIDENT .......... 9

B. PLAINTIFF IS ENTITLED TO ATTORNEY FEES AND COSTS. .......... 13

V. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

## CASES

*Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121 (1999) .......... 10

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) .......... 8

*California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831 (9th Cir.), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004) .......... 9

*Christensen v. Superior Ct.*, 54 Cal. 3d 868 (1991) .......... 11

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988) .......... 9

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988) .......... 9

*Farwana v. Tesla, Inc.*, No. 24-CV-07518-BLF, 2025 WL 1107271 (N.D. Cal. Apr. 14, 2025) 12

*Gaus v. Miles, Inc.*, 980 F.2d 566 (9th Cir. 1992) .......... 9

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543 (9th Cir. 2018) .......... 9, 10, 12

*Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) .......... 13

*Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) .......... 9, 10, 13

*Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235 (9th Cir. 2013) .......... 10

*Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969 (9th Cir. 2012) .......... 8

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005) .......... 13

*Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709 (9th Cir. 1990) .......... 9

*Nutall v. Tesla, Inc.*, No. 2:26-CV-02006-DJC-SCR, 2026 WL 2364520 (E.D. Cal. Aug. 14, 2026) .......... 10, 11, 12, 13

*Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM FMOX, 2013 WL 815975 (C.D. Cal. Mar. 5, 2013) .......... 12

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998) .......... 10

*Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council*, 322 F.3d 602 (9th Cir. 2003) .......... 11

*Soo v. United Parcel Serv., Inc.*, 73 F. Supp. 2d 1126 (N.D. Cal. 1999) .......... 9

*Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381 (1998) .......... 8

///

## STATUTES

28 U.S.C. section 1332(a) .................... 8, 9

28 U.S.C. section 1441(b)(2) .................... 6, 8, 9

28 U.S.C. section 1447(c) .................... 6, 8, 9, 13

California Fair Employment and Housing Act, California Government Code section 12900 *et seq.* .................... 10

California Government Code section 12940(j)(1) .................... 10

California Government Code section 12940(j)(3) .................... 10

## I. INTRODUCTION

This is a wrongful termination action. Plaintiff David Saldivar ("Plaintiff" or "Saldivar") was employed as an Equipment Maintenance Technician at defendant Tesla, Inc.'s ("Tesla") automobile manufacturing plant in Fremont, California. Unfortunately, in 2023, he was diagnosed with stage 4 prostate cancer, requiring aggressive treatment and leading to severe side effects, necessitating intermittent medical leave.

Whereas Plaintiff had previously been praised for his performance, suddenly he was given multiple negative performance reviews. He was also subjected to corrective action for using profanity on the factory floor, a widespread practice for which similarly-situated, nonprotected employees received no discipline whatsoever. Meanwhile, Tesla ignored Plaintiff's attempts to engage in the interactive process regarding his medical condition and disabilities. Instead, Tesla and Plaintiff's supervisor, defendant Ricardo DeLeon ("DeLeon"), penalized him for taking intermittent medical leave and terminated him for pretextual reasons.

Plaintiff stated causes of action against DeLeon for harassment and intentional infliction of emotional distress. Because DeLeon is a California resident, like Plaintiff, the parties are not completely diverse. Nonetheless, in violation of 28 U.S.C. section 1441(b)(2), Tesla removed the case, baselessly claiming that DeLeon is a "sham" defendant. The case must be remanded because Tesla cannot meet its "heavy burden" to demonstrate that there is "no possibility" Plaintiff could prevail on either of his claims against DeLeon. Tesla should also be ordered to pay Plaintiff's attorney fees and costs incurred as a result of the improper removal. 28 U.S.C. § 1447(c).

## II. STATEMENT OF FACTS

### A. Plaintiff Filed a Wrongful Termination Action Against Tesla and His Supervisor.

On April 28, 2026, Plaintiff filed the Complaint for Damages in the Superior Court for the State of California, County of Alameda, asserting causes of action for (1) disability discrimination, (2) failure to accommodate, (3) failure to engage in the interactive process, (4) harassment, (5) retaliation, (6) violation of the California Family Rights Act, (7) wrongful

termination in violation of public policy, (8) intentional infliction of emotional distress ("IIED"), (9) breach of contract, and (10) breach of the implied covenant of good faith and fair dealing. Complaint for Damages, ECF No. 1-1. Plaintiff's claims for harassment and IIED are brought against both Tesla and his supervisor, defendant Ricardo DeLeon, consistent with California law. *Id.* at 11-13, 16-17.

Broadly, Plaintiff alleges:

> [Plaintiff] was employed as an Equipment Maintenance Technician at defendant Tesla, Inc.'s ("Tesla") automobile manufacturing plant in Fremont, California. He was praised for his "great skill," excellence "at troubleshooting and resolving issues," "deep understanding," "great initiative," and "commendable" collaboration with other employees.
>
> Unfortunately, Saldivar was diagnosed with stage 4 prostate cancer in March 2023, with the cancer spreading to other parts of his body. Saldivar underwent aggressive treatment, leading to severe side effects.
>
> Nonetheless, Saldivar did his very best to continue performing for Tesla. However, as his condition worsened, he required intermittent medical leave, particularly given his grueling 12-hour shifts. Thus, Saldivar would regularly take one day off every other week to deal with his serious medical issues.
>
> Tellingly, Saldivar's performance reviews immediately began to suffer, declining from 3.5 to 3 and then 2.5 two times in a row. He was also written up for a trivial use of profanity with another employee who refused to leave an unauthorized work area. To state the obvious, use of profanity at Tesla's factory was endemic, and similarly-situated, nonprotected employees suffered no consequences whatsoever for such behavior.
>
> In January 2026, Saldivar twice contacted human resources regarding his medical condition and disabilities. Tesla made no attempt to engage in the interactive process.
>
> Instead, Tesla and defendant Ricardo DeLeon (collectively, "Defendants") prepared to terminate Saldivar, penalizing him for taking intermittent medical leave. On February 10, 2026, Defendants terminated Saldivar, purportedly because of the swearing incident. This was a blatant and obvious pretext for discrimination, harassment, and retaliation, with severe consequences for Saldivar, who is still dealing with prostate cancer.

*Id.* at 2.

DeLeon was served at his residence in Salida, California. Proof of Service, ECF No. 15. Tesla does not dispute that DeLeon is a California resident, nor does it argue that Plaintiff's

claims could not be brought against DeLeon under California law. Not. and Petition for Removal, ECF No. 1 at 3-4.

### B. In Removing the Case, Tesla Falsely Claimed that Complete Diversity Exists.

On June 12, 2026, Tesla removed the case on the basis that "complete diversity exists between Plaintiff, on the one hand, and Tesla, on the other." Not. and Petition for Removal, ECF No. 1 at 2. Tesla claims that the citizenship of defendant Ricardo DeLeon is "[i]rrelevant" because he "is a sham defendant who was improperly joined to destroy diversity." *Id.* at 3.

## III. LEGAL STANDARD

An action removable solely on diversity grounds under 28 U.S.C. section 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

A motion to remand the case "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). <u>If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded</u>." 28 U.S.C. § 1447(c) (emphasis added). "In substance, the section differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason, *e.g.,* because the removal took place after relevant time limits had expired. For the latter kind of case, there must be a motion to remand filed no later than 30 days after the filing of the removal notice. [Citation omitted.] For the former kind of case, remand may take place without such a motion and at any time." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (citing 28 U.S.C. § 1447(c)). "Subject matter jurisdiction 'can never be forfeited or waived' and federal courts have a continuing 'independent obligation to determine whether subject-matter jurisdiction exists.'" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 976 (9th Cir. 2012) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The removal statute "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel.*

*Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

An order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## IV. ARGUMENT

### A. Tesla's Removal Was Improper Because Defendant DeLeon Is a California Resident.

Baselessly claiming that defendant Ricardo DeLeon is a "sham" defendant, Tesla removed the case on the basis that "complete diversity exists between Plaintiff, on the one hand, and Tesla, on the other." Not. and Petition for Removal, ECF No. 1 at 2-3. However, an action removable solely on diversity grounds under 28 U.S.C. section 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1] 28 U.S.C. § 1441(b)(2). The removal was improper because DeLeon is a California resident.

The "strong presumption" against removal jurisdiction "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). A defendant invoking federal court diversity jurisdiction "on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

---

[1] Tesla argues that removal is proper because DeLeon has not been served. Not. and Petition for Removal, ECF No. 1 at 4. However, "complete diversity is defeated by joinder of a nondiverse codefendant even if he or she has not been served." *Soo v. United Parcel Serv., Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999). Regardless, DeLeon was served at his residence in Salida, California. Proof of Service, ECF No. 15.

There are "two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC,* 889 F.3d at 548 (quoting *Hunter,* 582 F.3d at 1044). Fraudulent joinder is established the second way "if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.'" *Grancare, LLC,* 889 F.3d at 548 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). But "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC,* 889 F.3d at 548 (quoting *Hunter,* 582 F.3d at 1046) (emphasis in original) (internal quotation marks omitted).

This case must be remanded because Plaintiff stated two causes of action against DeLeon, a California resident. First, Plaintiff stated a cause of action for harassment against DeLeon. Under the California Fair Employment and Housing Act ("FEHA"), California Government Code section 12900 *et seq.*, it is an unlawful employment practice "[f]or an employer . . . or any other person, because of . . . physical disability, mental disability, medical condition . . . to harass an employee[.]" Cal. Gov't Code § 12940(j)(1). "An employee of an entity . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action." Cal. Gov't Code § 12940(j)(3). Thus, "there is no statutory bar to Plaintiff's harassment claim against [defendant DeLeon]." *Nutall v. Tesla, Inc.*, No. 2:26-CV-02006-DJC-SCR, 2026 WL 2364520, at *3 (E.D. Cal. Aug. 14, 2026).

To establish a claim for harassment, "a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121 (1999)). In the complaint, Plaintiff alleges that (1) he is "a member of a protected class within the meaning of the FEHA based on his physical disabilities

and medical condition"; (2) he was subject to harassment, adverse employment actions, and pretextually terminated because of his disabilities; and (3) and Tesla and DeLeon's harassment "was severe or pervasive enough to alter Plaintiff's working conditions and create a hostile work environment." Complaint for Damages, ECF No. 1-1 at 4-8, 11-12.

Second, Plaintiff stated a cause of action for intentional infliction of emotional distress against DeLeon. Under California law, the elements of IIED are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct." *Simo v. Union of Needletrades, Indus. & Textile Emps., Sw. Dist. Council*, 322 F.3d 602, 621–22 (9th Cir. 2003) (citing *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991)).

In the complaint, Plaintiff alleges: Tesla and DeLeon's conduct "was outrageous and beyond the bounds of decency, such that no reasonable person could be expected to endure it. While Plaintiff was dealing with stage 4 prostate cancer, Defendants terminated him for pretextual reasons in retaliation for taking intermittent medical leave. Among other things, this caused Plaintiff to lose health insurance during a critical time, jeopardizing his physical and mental health." Complaint for Damages, ECF No. 1-1 at 16-17. Plaintiff also alleges that he suffered severe emotional distress caused by Tesla and DeLeon: "Plaintiff suffered fear and uncertainty about his health and treatment outcomes due to losing health insurance. He also suffered anxiety about finances and insurance, along with depression and feelings of hopelessness. Plaintiff lost his identity and purpose, and felt guilty for using intermittent medical leave, causing Defendants to retaliate and pretextually terminate his employment. Finally, Plaintiff's intrusive thoughts led to sleeplessness and withdrawal from friends and family." *Id.* at 17.

Because Plaintiff stated two causes of action against DeLeon, a nondiverse, California resident, the case must be remanded. *Nutall v. Tesla, Inc.*, 2026 WL 2364520 (*Nutall*), is instructive. In that case, the plaintiff alleged that "she experienced harassment and discrimination based on her gender and a medical disability," asserting claims against Tesla and

her supervisor. *Nutall,* 2026 WL 2364520, at *1. Just as here, Tesla removed the case, arguing that the defendant supervisor was fraudulently joined. *Id.* The court granted the plaintiff's motion to remand, holding that Tesla had not met its "heavy burden" to demonstrate there is "no possibility" that the plaintiff could prevail on any claim against the defendant supervisor because "Tesla has not identified any procedural defenses or immunities that would bar [the p]laintiff's claims and FEHA expressly authorizes harassment claims against employees." *Id.* at *3 (quoting *Grancare, LLC,* 889 F.3d at 548) (internal quotation marks omitted).

As the *Nutall* court observed, "the Ninth Circuit has explained that 'the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent,' and, thus, 'equat[ing] fraudulent joinder with Rule 12(b)(6)' wrongly 'conflates a jurisdictional inquiry with an adjudication on the merits.'" *Nutall,* 2026 WL 2364520, at *1 (quoting *Grancare, LLC,* 889 F.3d at 549). Thus, "if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Nutall,* 2026 WL 2364520, at *3 (citing *Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM FMOX, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013)).

Finally, in *Farwana v. Tesla, Inc.*, No. 24-CV-07518-BLF, 2025 WL 1107271, at *6 (N.D. Cal. Apr. 14, 2025), the court granted the plaintiff's motion for leave to amend to add a harassment claim against his former Tesla supervisor, holding that "the allegations of the proposed [amended complaint were] sufficient to show that [the plaintiff] suffered from a medical disability and thus was a member of a protected group; that [the plaintiff] was subjected to harassment by [the defendant supervisor] because of his medical disability; and the harassment was so severe that it created a hostile work environment." The court observed "[i]t appears that granting leave to amend will destroy diversity jurisdiction based on [the defendant supervisor's] apparent status as a California citizen," ordering the parties to show cause why the case should not be remanded. *Id.*

In sum, because the complaint states causes of action against defendant DeLeon, a California resident, the Court must find that the joinder was proper and remand the case to Alameda County Superior Court. *Grancare, LLC,* 889 F.3d at 548 (quoting *Hunter,* 582 F.3d at

1046).

**B. Plaintiff Is Entitled to Attorney Fees and Costs.**

An order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)).

Tesla lacked an objectively reasonable basis for removing this case. Plaintiff stated causes of action against defendant DeLeon for harassment and IIED, and Tesla conceded in a similar case that there are no "procedural defenses or immunities that would bar" Plaintiff's claims against DeLeon. *Nutall,* 2026 WL 2364520, at *3.

Tesla's improper removal caused Plaintiff to incur substantial attorney fees and costs, both in connection with the instant motion and opposing Tesla's anticipated motion to compel arbitration. Therefore, Plaintiff requests an award of attorney fees and costs in an amount to be established by a supplemental declaration once the full extent of fees and costs are shown.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this action to the Superior Court of the State of California, County of Alameda and award Plaintiff's attorney fees and costs pursuant to 28 U.S.C. section 1447(c).

DATE: September 3, 2026 GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

/s/ Robert J. Schwartz
Robert J. Schwartz
Attorneys for Plaintiff
DAVID SALDIVAR

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

**CERTIFICATE OF SERVICE**

I, Joe Villalobos, certify that this document, filed through the Court's ECF system on September 3, 2026, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Joe Villalobos

Joe Villalobos