ROBERT J. SCHWARTZ (SBN 254778)
RYA M. NELSON (SBN 350827)
**GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER**
1990 Harrison Street, Suite 1600
Oakland, CA 94612-3528
Tel: (510) 832-5411
rschwartz@giccb.com, rnelson@giccb.com

Attorneys for Plaintiff
DAVID SALDIVAR

VINCENT J. ADAMS (SBN 249696)
**TESLA, INC.**
31353 Huntwood Avenue
Hayward, CA 94544
Telephone: (510) 951-1237
viadams@tesla.com

Attorney for Defendant
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID SALDIVAR,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., RICARDO DELEON, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:26-cv-05697<br><br>*[Removed from Alameda County Superior Court Civil Case No.: 26CV184664]*<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 25, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 3 – 17th Floor<br>Via: Videoconference Only<br>Before: Hon. Vince Chhabria |

Pursuant to the Standing Order for All Judges of the Northern District of California, dated November 30, 2023, the Standing Order for Civil Cases Before District Judge Vince Chhabria, Civil Local Rule 16-9, and per the date specified in FRCP 26(f), the Parties to the above-entitled action jointly submit this Joint Case Management Statement following the conference of counsel held on August 21, 2026, between Robert Schwartz for Plaintiff, and Vincent Adams for Defendant.

**1. Jurisdiction and Service:**

<u>Plaintiff's Position:</u> On April 28, 2026, plaintiff David Saldivar ("Plaintiff") filed this wrongful termination action in the Superior Court of the State of California, County of Alameda. Plaintiff asserts causes of action against defendants Tesla, Inc. ("Tesla") and Ricardo DeLeon ("DeLeon"), a California resident who was served on August 31, 2026.

On June 12, 2026, Tesla removed the case on the basis that "complete diversity exists between Plaintiff, on the one hand, and Tesla, on the other." Not. and Petition for Removal, ECF No. 1 at 2. Tesla claims that the citizenship of DeLeon is "[i]rrelevant" because he "is a sham defendant who was improperly joined to destroy diversity." *Id.* at 3.

Tesla improperly removed the case. An action removable solely on diversity grounds under 28 U.S.C. section 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Because Plaintiff stated two causes of action against DeLeon, a nondiverse, California resident, the case must be remanded. *See Nutall v. Tesla, Inc.*, 2026 WL 2364520; *Farwana v. Tesla, Inc.*, No. 24-CV-07518-BLF, 2025 WL 1107271, at *6 (N.D. Cal. Apr. 14, 2025).

On September 3, 2026, Plaintiff filed the Motion to Remand, which is set for hearing on October 15, 2026, at 10:00 a.m.

<u>Defendant's Position:</u> Defendant Tesla, Inc. removed this matter on June 12, 2026, from the California Superior Court for the County of Alameda pursuant to 28 U.S.C. § 1332, given that the Parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000. Tesla further contends that any non-diverse defendant has been fraudulently joined and/or is not a properly joined and served defendant whose citizenship destroys diversity. However, Defendant contends that the proper venue for this case is binding arbitration. Defendant Tesla, Inc. was served and has appeared. On

September 4, 2026, Defendant filed a Motion to Compel Arbitration and Stay Proceedings, which is set for hearing on October 15, 2026, at 10:00 a.m.

**2. Facts:**

Stipulated Facts:

Plaintiff began his employment at Tesla in January 2021, until his termination in February 2026.

Plaintiff's Position: This is a fact intensive wrongful termination action. However, Plaintiff is amenable to exploring additional stipulated facts as the case develops.

Defendant's Position:

Defendant denies Plaintiff's allegations and maintains that Plaintiff was terminated for lawful, non-retaliatory reasons.

**3. Legal Issues:**

Plaintiff's Position: As discussed above, the principal legal issue before the Court at present is whether the case was improperly removed by Tesla. The larger legal issues are whether Tesla and DeLeon violated the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900 *et seq.*, by discriminating, harassing, and retaliating against Plaintiff because of his medical condition (prostate cancer) and related physical disabilities.

Defendant's Position:

Defendant contends that threshold issues for this Court are whether Plaintiff is bound by a valid, enforceable arbitration agreement covering the claims asserted in the Complaint, whether the Court should compel arbitration under the FAA, whether and whether this action should be stayed pending arbitration. If the Court denies the Motion to Compel Arbitration, the contingent legal issues would include whether Plaintiff can establish the elements of his California employment claims and whether Defendant has complete defenses, including legitimate non-retaliatory reasons and other applicable defenses. Defendant does not waive any merits defenses by identifying contingent issues.

**4. Motions:**

On September 3, 2026, Plaintiff filed the Motion to Remand, which is set for hearing on October 15, 2026, at 10:00 a.m.

On September 4, 2026, Defendant filed a Motion to Compel Arbitration and Stay Proceedings,

which is set for hearing on October 15, 2026, at 10:00 a.m. Plaintiff is expected to oppose; Defendant will file a reply pursuant to the Local Rules. Defendant does not presently anticipate other motions before resolution of the Motion to Compel Arbitration. If the motion is denied, Defendant anticipates merits-based motions as appropriate after discovery (including potentially a motion for summary judgment). Defendant reserves all rights as to motions concerning unserved or improperly joined defendants.

**5. Amendment of Pleadings**

At present, Plaintiff does not intend to amend the complaint.

**6. Evidence Preservation:**

Presently, there are no issues regarding the production or retention of electronically-stored information ("ESI"). The Parties certify that they reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties further certify that such steps are being taken.

**7. Disclosures:**

Given the uncertainty regarding the Court's jurisdiction, the parties agreed to delay their Initial Disclosures until after the Court rules on the Motion to Remand and Motion to Compel Arbitration on October 15, 2026.

**8. Discovery:**

Discovery Taken to Date:

As discussed above, the parties agreed to delay their Initial Disclosures until after the Court rules on the Motion to Remand and Motion to Compel Arbitration on October 15, 2026.

Scope of Anticipated Discovery:

Plaintiff's Position: Plaintiff intends to serve written discovery and depositions of fact witnesses, followed by expert discovery.

Defendant's Position:

Discovery should proceed, if at all, in binding arbitration under the parties' agreement and the applicable provider rules (e.g., JAMS).

///

<u>Proposed Limitations:</u>

The Parties agree that no discovery limitations or modifications to proceedings under Federal Rules of Civil Procedure 16 and 26 need be considered at this time. If the Parties deem that any changes are appropriate, they will attempt to resolve these issues before bringing them to the attention of your Honor.

<u>Stipulated E-Discovery Order:</u>

The Parties agree that no stipulated E-discovery order is needed at this time.

<u>Proposed Discovery Plan:</u>

The discovery schedule proposed by the Parties is set forth in Section 14, *infra*.

**9. Class Actions:**

Not applicable. This is a single plaintiff whistleblower retaliation and wrongful termination lawsuit.

**10. Related Cases:**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.y

**11. Relief:**

<u>Plaintiff's Position:</u> Plaintiff seeks economic damages, non-economic damages, punitive damages, attorneys' fees and costs, and injunctive relief.

<u>Defendant's Position:</u>

Defendant denies plaintiff is entitled to any relief. The relief Defendant seeks from this Court at his time is an order compelling arbitration of Plaintiff's claims and staying the action pending arbitration. Defendant's requested relief at this time is for an order compelling arbitration and staying the case, as described in the pending motion to compel arbitration.

**12. Settlement and ADR:**

Each Party filed an ADR Certification form on August 25, 2026 and August 27, 2026. Plaintiff intends to stipulate to an ADR process, whereas Tesla prefers to discuss ADR selection at the case management conference.

///

**13. Other References:**

The case is not suitable for reference to a special master or the Judicial Panel on Multidistrict litigation. Defendant has filed a motion to compel arbitration, with a hearing schedule for October 15, 2026. Plaintiff intends to file an opposition.

**14. Narrowing of Issues:**

The Parties are not presently in a position to address whether it is feasible or desirable to: (a) narrow the issues in the case by agreement or motion, (b) bifurcate the issues, claims or defenses at trial, or (c) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues.

**15. Scheduling:**

The Parties defer setting a case schedule during the pendency of Plaintiff's Motion to Remand and Defendant's Motion to Compel Arbitration, both set for hearing on October 15, 2026. If the Court compels arbitration, the Parties request that the Court stay the action and administratively close the file pending arbitration with periodic joint status reports as the Court prefers.

**16. Trial:**

If this matter is not compelled to arbitration and proceeds in this Court, this case will be tried by a jury and the trial will last approximately 5-7 days. Defendant maintains Plaintiff contractually agreed to binding arbitration, not a judicial jury trial, of covered claims.

**17. Disclosure of Non-party Interested Entities or Persons:**

Plaintiff's Position:

On August 25, 2026, Plaintiff filed a Certificate of Interested Parties, pursuant to Local Rule 3-15, certifying that other than David Saldivar., there are no other interested parties.

Defendant's Position:

On June 12, 2026, Defendant filed a Certificate of Interested Parties, pursuant to Local Rule 3-15, certifying that other than Tesla, Inc., there are no other interested parties.

**18. Professional Conduct:**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters:**

Defendant respectfully requests that the upcoming Case Management Conference focus on the status of the Motion to Compel Arbitration and any stay of discovery. The Parties are unaware of other matters necessary for the efficient disposition beyond those addressed above.

Dated: September 18, 2026

Respectfully submitted,

GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

By: /s/ Robert J. Schwartz
ROBERT J. SCHWARTZ
RYA M. NELSON
Attorneys for Plaintiff DAVID SALDIVAR

Dated: September 18, 2026

Respectfully submitted,

TESLA, INC.

By: /s/ Vincent J. Adams
VINCENT J. ADAMS
Attorney for Defendant TESLA, INC.

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

**CERTIFICATE OF SERVICE**

I, Joe Villalobos, certify that this document, filed through the Court's ECF system on September 18, 2026, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Joe Villalobos